# EXHIBIT B

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ERIN GILBERT AND PATRICK
GILBERT, Individually and as
Natural Parents and Guardians of
their Minor Children, F.G., H.G. and
P.G.,

                Plaintiffs,

v.

JUST CBD LLC, a Florida limited
liability company, JUST BRANDS USA
INC., a Florida limited liability company,
JUST BRANDS FL LLC, a Florida
limited liability company, SPEEDY
DISTRIBUTION GROUP INC., a
Florida limited liability company, S&H
WORLD HOLDINGS LLC, a Florida
limited liability company, SSGI
FINANCIAL SERVICES, INC., a Florida
limited liability company, BEST
WELLNESS USA LLC, a Florida limited
liability company, and V P R A R T LLC
(d/b/a VAPOR ARTILLERY), a Florida
limited liability company,

                Defendants.

**CASE NO: 062019CA020275AXXXCE**

**JURY TRIAL DEMANDED**

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Erin Gilbert and Patrick Gilbert, Individually and as Natural Parents and Guardians of their Minor Children, F.G., H.G. and P.G., by way of Complaint against Defendants, Just CBD LLC, Just Brands USA, Inc., Just Brands FL LLC, Speedy Distribution Group Inc., S&H World Holdings LLC, SSGI Financial Services, Inc., Best Wellness USA LLC and V P R A R T LLC (d/b/a Vapor Artillery), allege as follows:

1

## JURISDICTION AND VENUE

1.      This is an action for damages in excess of fifteen thousand dollars ($15,000.00), exclusive of costs, interest and attorneys' fees.

2.      Defendants are subject to personal jurisdiction in Florida because they are domestic, for-profit corporations incorporated under the laws of the state of Florida and/or they operate, conduct, engage in or carry out business in Florida pursuant to Florida Statute § 48.193.

3.      Venue is proper in Broward County because a substantial portion of the tortious conduct giving rise to the Plaintiffs' claims emanated from activities within this county and Defendants are incorporated in and/or conduct substantial business within this county.

## THE PARTIES

4.      Plaintiff, Erin Gilbert, Natural Parent and Guardian of her minor children, F.G., H.G. and P.G., is an adult individual and U.S. citizen with a permanent residence in St. Croix, a territory in the U.S. Virgin Islands.

5.      Plaintiff, Patrick Gilbert, Natural Parent and Guardian of his minor children, F.G., H.G. and P.G., is the husband of Erin Gilbert and is an adult individual and U.S. citizen with a permanent residence in St. Croix, a territory in the U.S. Virgin Islands.

6.      Defendant, Just CBD LLC ("Just CBD") is a domestic for-profit corporation with a principal place of business at 2346 Thomas Street, Hollywood, FL 33020.  Just CBD designs, manufactures, markets, and/or globally distributes cannabidiol ("CBD") infused products, including vape oils, tinctures, creams and edibles, including, upon information and belief, the Just CBD product at issue in this litigation.  Upon information and belief, Just CBD's corporate operations are primarily carried out in Florida.

2

7. Defendant, Just Brands USA, Inc. ("Just Brands"), is a domestic for-profit corporation with a principal place of business at 7351 Wiles Rd., Suite 105, Coral Springs, FL 33067. Just Brands designs, manufactures, markets and/or globally distributes Just CBD brand products and is responsible for the advertising, marketing and packaging of Just CBD brand products, including, upon information and belief, the Just CBD product at issue in this litigation.

8. Defendant, Just Brands FL LLC ("Just Brands FL") is a domestic for-profit corporation with a principal place of business at 7351 Wiles Rd., Suite 105, Coral Springs, FL 33067. Just Brands FL designs, manufactures, markets and/or globally distributes Just CBD brand products and is responsible for the advertising, marketing and packaging of Just CBD brand products, including, upon information and belief, the Just CBD product at issue in this litigation.

9. Defendant, Speedy Distribution Group Inc. ("Speedy Distribution") is a domestic for-profit corporation with a principal place of business at 2342 Thomas Street, Hollywood, FL 33020. Upon information and belief, Speedy Distribution is the primary or exclusive distributor of Just CBD brand products and was responsible for the distribution of the Just CBD product at issue in this litigation.

10. Defendant, S&H World Holdings LLC is a domestic for-profit corporation with a principal place of business at 2346 Thomas Street, Hollywood, FL 33020. S&H World Holdings LLC is the authorized manager of Defendant, Just CBD, designs, manufactures, markets and/or globally distributes Just CBD brand products and is responsible for the advertising, marketing and packaging of Just CBD brand products, including, upon information and belief, the Just CBD product at issue in this litigation.

11.     Defendant, SSGI Financial Services, Inc. ("SSGI") is a domestic for-profit corporation with a principal place of business at 763 NW 83rd Dr., Coral Springs, FL 33071. Upon information and belief, SSGI is the parent company of Just Brands and Just Brands FL, and controls all aspects of Just CBD's operations, including maintenance of Defendants' online retail store www.justcbdstore.com.

12.     Defendant, Best Wellness USA LLC ("Best Wellness") is a domestic for-profit corporation with a principal place of business at 2701 NW 29th Terrace, Lauderdale Lakes, FL 33311.  Best Wellness designs, manufactures, markets and/or globally distributes Just CBD brand products including, upon information and belief, the Just CBD product at issue in this litigation.

13.     Defendant, V P R A R T LLC (d/b/a Vapor Artillery)("Vapor Artillery") is a domestic for-profit corporation with a principal place of business at 7262 NW 33rd Street, Miami, FL 33122.  Vapor Artillery designs, manufactures, markets and/or globally distributes Just CBD brand products including, upon information and belief, the Just CBD product at issue in this litigation.

14.     Collectively, each of the Defendants design, manufacture, label, test, market, sell and/or distribute products under the "Just CBD" name. At all times relevant hereto, each Defendant acted in concert with, and with the knowledge and approval of, and/or as the agent of the other Defendants within the course and scope of the agency, regarding the acts and omissions alleged herein.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### A.   Vaping Linked to Ongoing, Multi-state Outbreak of Severe Lung Disease

15.     E-cigarettes or vaporizers ("vapes") are handheld battery powered devices that use a heating mechanism to create an inhalable aerosol from a pod or cartridge filled with vape liquid or oil.

16.     Vapes can be used with detachable or built in pods or cartridges containing nicotine/tobacco, CBD or tetrahydrocannabinol ("THC"), the active ingredient in marijuana.

17.     Vape pods and cartridges currently on the market are not regulated by the U.S. Food and Drug Administration ("FDA").

18.     On August 18, 2019, the FDA and U.S. Centers for Disease Control and Prevention ("CDC") launched an outbreak investigation after learning of more than 94 reports since June 2019 of severe pulmonary disease associated with vaping across several states and U.S. territories.

19.     As of February 18, 2020, a total of 2,807 individuals in 50 U.S. states, the District of Columbia, Puerto Rico and the U.S. Virgin Islands have suffered acute respiratory illnesses associated with vaping.[1]

20.     Dozens of published studies and case reports confirm vaping can cause severe acute respiratory illness.

21.     Alone or in combination with thermal decomposition caused by heating coils in vaping devices, aerosols from vape oils can result in a variety of pulmonary illnesses such as chemical pneumonitis, acute eosinophilic pneumonia, acute and subacute hypersensitivity

---

[1] *See* https://www.cdc.gov/tobacco/basic_information/e-cigarettes/severe-lung-disease.html (last accessed on October 26, 2020).

pneumonitis, lipoid pneumonia, metal fume fever and polymer fume fever. In severe cases, vaping can cause acute lung injury and acute respiratory distress syndrome. [2]

22.    In extreme cases, vaping has also been associated with full respiratory failure requiring mechanical intubation and extracorporeal membrane oxygenation (ECMO) life support.[3]

23.    Numerous studies have also linked respiratory injuries to the toxicity of artificial flavoring ingredients or additives, some of which may be safe for ingestion but have never been tested for safety risks associated with inhalation in vaping products.[4]

**B.  General Background of CBD**

---

[2] *See e.g.,* Layden, *et al.*, Pulmonary Illness Related to E-Cigarette Use in Illinois and Wisconsin-Preliminary Report, New England Journal of Medicine, September 6, 2019; *see also* Sommerfeld CG, *et al.* Hypersensitivity Pneumonitis and Acute Respiratory Distress Syndrome from E-Cigarette Use, Pediatrics, June 2018.

[3] *See e.g.* Aokage, *et al.*, Heat-not-burn Cigarettes Induce Fulminant Acute Eosinophilic Pneumonia Requiring Extracorporeal Membrane Oxygenation, Respiratory Medicine Case Reports, December 2018.

[4] *See e.g.*, Fetterman, *et al.*, *Flavorings in Tobacco Products Induce Endothelial Cell Dysfunction*, Arterioscler Thromb Vasc Biol, July 2018; Sundar, *et al.*, E-*cigarettes and flavorings induce inflammatory and prosenescence responses in oral epithelial cells and periodontal fibroblasts*, Oncotarget, 7(47): 77196-204, Oct. 24, 2016; Park, *et al.*, *Transcriptomic response of primary human airway epithelial cells to flavoring chemicals in electronic cigarettes*, Scientific Reports, 9:1400, Feb. 1, 2019; Lerner, *et al.*, *Vapors Produced by Electronic Cigarettes and E-Juices with Flavorings Induce Toxicity,* Oxidative Stress, and *Inflammatory Response in Lung Epithelial Cells and in Mouse Lung*, PLoS ONE, 10(2): e0116732, Feb. 6, 2015; Werley, *et al.*, *Toxicological assessment of a prototype e-cigaret device and three flavor formulations: a 90-day inhalation study in rats,* Inhalation Toxicology, 28(1), 22-28, Jan. 18, 2016; Wavreil FDM, Heggland SJ, *Cinnamon-flavored electronic cigarette liquids and aerosols induce oxidative stress in human osteoblast-like MG-63 cells*, Toxicology Reports (2019), doi: https://doi.org/10.1016/j.toxrep.2019.11.019; Behar, *et al.*, *Analytical and toxicological evaluation of flavor chemicals in electronic cigarette refill fluids*, Scientific Reports, May 29, 2018.

24.     CBD is a popular naturally occurring ingredient derived from hemp plants unofficially used to manage certain conditions such as anxiety, depression, insomnia and chronic pain.

25.     CBD products come in many forms, including vaping oils, edibles, tinctures and creams.

26.     The Agricultural Improvement Act of 2018, also known as the Farm Bill, removed cannabis and cannabis derivatives that contain less than .03% THC from the definition of marijuana in the Controlled Substances Act, thereby allowing the sale of certain CBD products in the U.S. depending on how they are marketed to consumers.

27.     With major retailers like CVS, Walgreens and Kroger entering the market, the production, sale and distribution of CBD is a booming industry "gaining in popularity among consumers with the legal market projected to surpass $23 billion in annual U.S. sales by 2023."[5]

28.     However, little is known about the safety of CBD, and in particular the safety of CBD vaping products.

29.     In a July 2019 statement on the agency's website, the FDA stated that "while [it] recognize[s] the potential benefits of CBD, questions remain regarding its safety." The FDA went on to note that during a recent review of certain CBD products marketed with unsubstantiated therapeutic claims, it "tested the chemical content of cannabinoid compounds in

---

[5] https://www.forbes.com/sites/brucejapsen/2019/07/11/cvs-walgreens-to-lead-23-billion-cbd-market-by-2023/#6bf5a78852ca (last accessed on October 26, 2020).

some of the products, and many were found not to contain the levels of CBD they claimed to contain."[6]

### C. Defendants' Just CBD Vape Products

30.     Defendants market their Just CBD vape products as a 100% safe way to increase acuity and combat stress on a daily basis.  Defendants claim "[u]sers are known to feel more attentive to their surroundings. CBD vape juice for cartridges is often considered a 'huge relief' felt throughout the body, as well as the mind.  It's like taking an Advil, only hemp-derived CBD is completely natural and comes with zero side effects."[7]

31.     Defendants misrepresent the health risks of their Just CBD vape products by failing to include any warnings in the product labeling or elsewhere in their marketing materials regarding the risk of acute respiratory injury.

32.     Defendants further misrepresent and downplay the health risks of their Just CBD vape products by telling customers "our range of flavors include strawberry, blueberry, mango, and honey. Each flavor will bring you back to your favorite memory. Everything will be just fine after a couple of hits of the CBD oil. Get back to feeling the way you should be!"[8]

33.     Defendants further misrepresent the health risks of their Just CBD vape products by claiming:

---

[6] "FDA Is Committed to Sound, Science-based Policy on CBD", July 17, 2019, available online at https://www.fda.gov/news-events/fda-voices/fda-committed-sound-science-based-policy-cbd (last accessed on October 26, 2020).
[7] https://www.justcbdstore.com/product-category/cbd-vape-cartridges/ (last accessed on October 26, 2020).
[8] *Id.*

> Just CBD was founded on the basis to offer the purest CBD vape oil cartridges and CBD products. We believe you have the right to know exactly what is inside your CBD products. Our mission and promise to never misrepresent the content of our products. All our products have been rigorously tested by World Class labs, and we are confident that all CBD pen cartridges and vape oil cartridges are made with the purest quality CBD oil, we stand behind all the products we sell.[9]

34.     Upon information and belief, Defendants performed inadequate testing, or no testing at all, to assess the safety of their Just CBD vape cartridges, including Just CBD Mango.

35.     Upon information and belief, Defendants performed inadequate testing, or no testing at all, to assess the safety of the artificial flavoring or additives in Just CBD vape cartridges, including Just CBD Mango, and in particular flavoring ingredients which may be safe for ingestion but have never been tested for safety risks associated with inhalation in vaping products.

36.     Upon information and belief, Defendants' Just CBD vape cartridges, including Just CBD Mango, contain harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

**D. Factual Allegations Specific to Plaintiff, Erin Gilbert**

37.     On or about August 15, 2019, Plaintiff, Erin Gilbert, purchased a Just CBD Mango flavored 200mg vape cartridge ("Just CBD Mango") for the first time from a local vendor in St. Croix.

---

[9] *Id.*

9

38.     Prior to August 15, 2019, Erin Gilbert had never vaped any products containing CBD, including Just CBD Mango.

39.     Erin Gilbert vaped Just CBD Mango daily from August 15, 2019 through and including August 18, 2019.

40.     On August 19, 2019, Plaintiff, Erin Gilbert, presented to the emergency department of Juan F. Luis Memorial Hospital and Medical Center in St. Croix with unexplained fevers, shortness of breath, cough, vomiting and diarrhea.

41.     Erin Gilbert was admitted and initially diagnosed with bilateral lower lobe pneumonia.

42.      Despite antibiotic therapy, Erin Gilbert's pneumonia swiftly progressed, leading to acute respiratory failure which forced physicians to intubate and put her on a ventilator.

43.     Throughout the evening of August 20, 2019 and the early morning hours of August 21, 2019, Erin Gilbert coded at least 6 times as she awaited transfer to the intensive care unit.

44.     On August 22, 2019, Erin Gilbert was air lifted to Jackson Memorial Hospital-Miami to be placed on ECMO life support.

45.     Upon arrival at Jackson Memorial Hospital-Miami's surgical intensive care unit, Erin Gilbert was in a paralyzed state with acute respiratory distress and multiorgan failure, including acute kidney injury, acute liver injury and lactic acidosis.

46.     On August 23, 2019, Erin Gilbert underwent emergency surgery to treat significant bilateral blood clotting and loss of circulation in both of her legs caused by multiple hypoxic events.  The surgery was unable to prevent progressive necrosis in her lower extremities.

47.     On August 25, 2019, Erin Gilbert underwent cryoamputation of non-viable segments of her right leg.

48.     On August 27, 2019, Erin Gilbert underwent a right knee disarticulation in preparation for amputation.

49.     On or about September 3, 2019, Erin Gilbert was weaned off ECMO life support and underwent placement of a tracheostomy tube for respiratory function.

50.     On September 6, 2019, Erin Gilbert underwent a transmetatarsal amputation of her right leg from above the knee and a left leg debridement with closure of left leg fasciotomies.

51.     On September 23, 2019, Erin Gilbert underwent a transmetatarsal below the knee amputation of her left leg due to extreme necrosis.

52.     On October 2, 2019, Erin Gilbert was transferred to Jackson Rehabilitation Hospital where she underwent inpatient intensive physical therapy until October 12, 2019.

53.     Erin Gilbert has been fitted with a prosthetic right knee and bilateral prosthetic legs and continues outpatient physical therapy and periodic fittings to adjust her prosthetics.

54.     After ruling out any infectious (bacterial, viral or fungal) cause, Erin Gilbert's treating physicians attributed each of her catastrophic injuries to vaping.

55.     As a direct and proximate result of Defendants' negligence and liability producing conduct as described herein, Plaintiff, Erin Gilbert, a previously healthy 35 year old mother of three young children, suffered catastrophic permanent injuries and disfigurement, including but not limited to, bilateral pneumonia, acute respiratory distress syndrome, septic shock, acute kidney injury, acute liver injury, multiple cardiac arrests, septic emboli to bilateral legs, right leg amputation from above the knee and left leg amputation from below the knee.

11

56.     As a direct and proximate result of Defendants' negligence and liability producing conduct as described herein, Plaintiffs, Erin and Patrick Gilbert, expended various sums of money for Erin Gilbert's medical care and treatment.

57.     As a direct and proximate result of Defendants' negligence and liability producing conduct as described herein, Plaintiff, Erin Gilbert, suffered a substantial loss of earning capacity.

58.     As a direct and proximate result of Defendants' negligence and liability producing conduct as described herein, Plaintiff, Erin Gilbert, suffered and continues to suffer excruciating and agonizing physical and emotional pain and suffering.

59.     As a further direct and proximate result of Defendants' negligence and liability producing conduct as described herein, Plaintiff, Patrick Gilbert, was deprived of the care, comfort, companionship, services and consortium of his wife, Erin Gilbert.

60.     As a further direct and proximate result of Defendants' negligence and liability producing conduct as described herein, Plaintiffs' three minor children, have been and will continue to be deprived of the companionship, comfort, guidance, affection and aid of their mother, Erin Gilbert.

## COUNT I
### Strict Liability-Design Defect
### Plaintiff, Erin Gilbert v. Just CBD LLC

61.     Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

62.     Defendant is engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

63.     The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

64.     Just CBD Mango is a product within the meaning of Florida products liability law.

65.     Defendant designed Just CBD Mango for the purpose of vaping.

66.     The Just CBD Mango used by Plaintiff Erin Gilbert was defectively designed when it left the possession of Defendant and was unreasonably dangerous to foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change affecting its condition.

67.     The design of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

a.  No adequate safety and efficacy testing was performed before placing Just CBD Mango into the stream of commerce;

b.  Appropriate procedures for reviewing the design of Just CBD Mango were never established;

c.  Procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango were never established;

d.  Available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury were not utilized; and

e.  Just CBD Mango was designed with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

68.  The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendant.

69.  Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendant is strictly liable to the Plaintiff.

70.  At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to the Defendant.

71.  An ordinary consumer using Just CBD Mango would reasonably expect the product to be free of significant defects.

72.  The foreseeable risks of Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

14

73.     Reasonable alternative designs existed for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury.

74.     The failure to use feasible, reasonable alternative designs that minimized or eliminated the risk of catastrophic acute respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

75.     Defendant knew or should have known that Just CBD Mango contained harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

76.     Plaintiff, Erin Gilbert, was proximately harmed by the aforesaid design defects in Just CBD as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT II
### Strict Liability-Design Defect
### Plaintiff, Erin Gilbert v. Just Brands USA, Inc.

77.     Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

78.     Defendant is engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

79.     The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

15

80. Just CBD Mango is a product within the meaning of Florida products liability law.

81. Defendant designed Just CBD Mango for the purpose of vaping.

82. The Just CBD Mango used by Plaintiff Erin Gilbert was defectively designed when it left the possession of Defendant and was unreasonably dangerous to foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change affecting its condition.

83. The design of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

    a. No adequate safety and efficacy testing was performed before placing Just CBD Mango into the stream of commerce;

    b. Appropriate procedures for reviewing the design of Just CBD Mango were never established;

    c. Procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango were never established;

    d. Available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury were not utilized; and

    e. Just CBD Mango was designed with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical

16

compounds that can cause catastrophic acute respiratory injury when used as directed.

84.     The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendant.

85.     Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendant is strictly liable to the Plaintiff.

86.     At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to the Defendant.

87.     An ordinary consumer using Just CBD Mango would reasonably expect the product to be free of significant defects.

88.     The foreseeable risks of Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

89.     Reasonable alternative designs existed for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury.

90.     The failure to use feasible, reasonable alternative designs that minimized or eliminated the risk of catastrophic acute respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

17

91.     Defendant knew or should have known that Just CBD Mango contained harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

92.     Plaintiff, Erin Gilbert, was proximately harmed by the aforesaid design defects in Just CBD as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT III
### Strict Liability-Design Defect
### Plaintiff, Erin Gilbert v. Just Brands FL LLC

93.     Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

94.     Defendant is engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

95.     The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

96.     Just CBD Mango is a product within the meaning of Florida products liability law.

97.     Defendant designed Just CBD Mango for the purpose of vaping.

98.     The Just CBD Mango used by Plaintiff Erin Gilbert was defectively designed when it left the possession of Defendant and was unreasonably dangerous to foreseeable users,

and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change affecting its condition.

99.     The design of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

a.   No adequate safety and efficacy testing was performed before placing Just CBD Mango into the stream of commerce;

b.   Appropriate procedures for reviewing the design of Just CBD Mango were never established;

c.   Procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango were never established;

d.   Available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury were not utilized; and

e.   Just CBD Mango was designed with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

100.    The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendant.

101.    Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendant is strictly liable to the Plaintiff.

102.    At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to the Defendant.

103.    An ordinary consumer using Just CBD Mango would reasonably expect the product to be free of significant defects.

104.    The foreseeable risks of Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

105.    Reasonable alternative designs existed for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury.

106.    The failure to use feasible, reasonable alternative designs that minimized or eliminated the risk of catastrophic acute respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

107.    Defendant knew or should have known that Just CBD Mango contained harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

108.    Plaintiff, Erin Gilbert, was proximately harmed by the aforesaid design defects in Just CBD as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

### COUNT IV
### Strict Liability-Design Defect
### Plaintiff, Erin Gilbert v. Speedy Distribution Group Inc.

109. Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

110. Defendant is engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

111. The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

112. Just CBD Mango is a product within the meaning of Florida products liability law.

113. Defendant designed Just CBD Mango for the purpose of vaping.

114. The Just CBD Mango used by Plaintiff Erin Gilbert was defectively designed when it left the possession of Defendant and was unreasonably dangerous to foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change affecting its condition.

115. The design of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed,

distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

    a.  No adequate safety and efficacy testing was performed before placing Just CBD Mango into the stream of commerce;

    b.  Appropriate procedures for reviewing the design of Just CBD Mango were never established;

    c.  Procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango were never established;

    d.  Available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury were not utilized; and

    e.  Just CBD Mango was designed with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

116.    The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendant.

117.    Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendant is strictly liable to the Plaintiff.

118.    At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to the Defendant.

119.    An ordinary consumer using Just CBD Mango would reasonably expect the product to be free of significant defects.

120.    The foreseeable risks of Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

121.    Reasonable alternative designs existed for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury.

122.    The failure to use feasible, reasonable alternative designs that minimized or eliminated the risk of catastrophic acute respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

123.    Defendant knew or should have known that Just CBD Mango contained harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

124.    Plaintiff, Erin Gilbert, was proximately harmed by the aforesaid design defects in Just CBD as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

**COUNT V**
**Strict Liability-Design Defect**
**Plaintiff, Erin Gilbert v. S&H World Holdings LLC**

125.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

126.    Defendant is engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

127.    The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

128.    Just CBD Mango is a product within the meaning of Florida products liability law.

129.    Defendant designed Just CBD Mango for the purpose of vaping.

130.    The Just CBD Mango used by Plaintiff Erin Gilbert was defectively designed when it left the possession of Defendant and was unreasonably dangerous to foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change affecting its condition.

131.    The design of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

a.  No adequate safety and efficacy testing was performed before placing Just CBD Mango into the stream of commerce;

b.  Appropriate procedures for reviewing the design of Just CBD Mango were never established;

24

    c.  Procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango were never established;

    d.  Available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury were not utilized; and

    e.  Just CBD Mango was designed with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

132.    The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendant.

133.    Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendant is strictly liable to the Plaintiff.

134.    At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to the Defendant.

135.    An ordinary consumer using Just CBD Mango would reasonably expect the product to be free of significant defects.

136. The foreseeable risks of Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

137. Reasonable alternative designs existed for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury.

138. The failure to use feasible, reasonable alternative designs that minimized or eliminated the risk of catastrophic acute respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

139. Defendant knew or should have known that Just CBD Mango contained harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

140. Plaintiff, Erin Gilbert, was proximately harmed by the aforesaid design defects in Just CBD as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

**COUNT VI**
**Strict Liability-Design Defect**
**Plaintiff, Erin Gilbert v. SSGI Financial Services, Inc.**

141. Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

142. Defendant is engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

143.   The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

144.   Just CBD Mango is a product within the meaning of Florida products liability law.

145.   Defendant designed Just CBD Mango for the purpose of vaping.

146.   The Just CBD Mango used by Plaintiff Erin Gilbert was defectively designed when it left the possession of Defendant and was unreasonably dangerous to foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change affecting its condition.

147.   The design of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

a.   No adequate safety and efficacy testing was performed before placing Just CBD Mango into the stream of commerce;

b.   Appropriate procedures for reviewing the design of Just CBD Mango were never established;

c.   Procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango were never established;

d.  Available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury were not utilized; and

e.  Just CBD Mango was designed with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

148.  The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendant.

149.  Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendant is strictly liable to the Plaintiff.

150.  At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to the Defendant.

151.  An ordinary consumer using Just CBD Mango would reasonably expect the product to be free of significant defects.

152.  The foreseeable risks of Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

153.    Reasonable alternative designs existed for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury.

154.    The failure to use feasible, reasonable alternative designs that minimized or eliminated the risk of catastrophic acute respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

155.    Defendant knew or should have known that Just CBD Mango contained harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

156.    Plaintiff, Erin Gilbert, was proximately harmed by the aforesaid design defects in Just CBD as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

**COUNT VII**
**Strict Liability-Design Defect**
**Plaintiff, Erin Gilbert v. Best Wellness USA LLC**

157.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

158.    Defendant is engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

159.    The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

160.   Just CBD Mango is a product within the meaning of Florida products liability law.

161.   Defendant designed Just CBD Mango for the purpose of vaping.

162.   The Just CBD Mango used by Plaintiff Erin Gilbert was defectively designed when it left the possession of Defendant and was unreasonably dangerous to foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change affecting its condition.

163.   The design of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

   a.   No adequate safety and efficacy testing was performed before placing Just CBD Mango into the stream of commerce;

   b.   Appropriate procedures for reviewing the design of Just CBD Mango were never established;

   c.   Procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango were never established;

   d.   Available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury were not utilized; and

   e.   Just CBD Mango was designed with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical

compounds that can cause catastrophic acute respiratory injury when used as directed.

164.    The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendant.

165.    Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendant is strictly liable to the Plaintiff.

166.    At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to the Defendant.

167.    An ordinary consumer using Just CBD Mango would reasonably expect the product to be free of significant defects.

168.    The foreseeable risks of Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

169.    Reasonable alternative designs existed for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury.

170.    The failure to use feasible, reasonable alternative designs that minimized or eliminated the risk of catastrophic acute respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

171.     Defendant knew or should have known that Just CBD Mango contained harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

172.     Plaintiff, Erin Gilbert, was proximately harmed by the aforesaid design defects in Just CBD as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

### COUNT VIII
### Strict Liability-Design Defect
### Plaintiff, Erin Gilbert v. V P R A R T LLC (d/b/a Vapor Artillery)

173.     Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

174.     Defendant is engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

175.     The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

176.     Just CBD Mango is a product within the meaning of Florida products liability law.

177.     Defendant designed Just CBD Mango for the purpose of vaping.

178.     The Just CBD Mango used by Plaintiff Erin Gilbert was defectively designed when it left the possession of Defendant and was unreasonably dangerous to foreseeable users,

and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change affecting its condition.

179. The design of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

    a. No adequate safety and efficacy testing was performed before placing Just CBD Mango into the stream of commerce;

    b. Appropriate procedures for reviewing the design of Just CBD Mango were never established;

    c. Procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango were never established;

    d. Available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury were not utilized; and

    e. Just CBD Mango was designed with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

180. The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendant.

181.    Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendant is strictly liable to the Plaintiff.

182.    At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to the Defendant.

183.    An ordinary consumer using Just CBD Mango would reasonably expect the product to be free of significant defects.

184.    The foreseeable risks of Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

185.    Reasonable alternative designs existed for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury.

186.    The failure to use feasible, reasonable alternative designs that minimized or eliminated the risk of catastrophic acute respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

187.    Defendant knew or should have known that Just CBD Mango contained harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

188.    Plaintiff, Erin Gilbert, was proximately harmed by the aforesaid design defects in Just CBD as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT IX
### Negligent Design
### Plaintiff, Erin Gilbert v. Just CBD LLC

189.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

190.    At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distribution and/or sale of Just CBD products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

191.    Defendant breached its duty in the design of Just CBD Mango in the following ways:

   a.  Failing to conduct adequate safety and efficacy testing before placing Just CBD Mango into the stream of commerce;

   b.  Failing to establish appropriate procedures for reviewing the design of Just CBD Mango;

   c.  Failing to establish procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango;

   d.  Failing to utilize available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury; and

e.  Designing Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

192.   Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently designed as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

193.   Plaintiff, Erin Gilbert, was unaware of the defects in the design or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

194.   As a direct and proximate result of Defendant's negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT X
### Negligent Design
### Plaintiff, Erin Gilbert v. Just Brands USA, Inc.

195.   Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

196.   At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distribution and/or sale of Just CBD products,

including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

197.   Defendant breached its duty in the design of Just CBD Mango in the following ways:

    a.   Failing to conduct adequate safety and efficacy testing before placing Just CBD Mango into the stream of commerce;

    b.   Failing to establish appropriate procedures for reviewing the design of Just CBD Mango;

    c.   Failing to establish procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango;

    d.   Failing to utilize available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury; and

    e.   Designing Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

198.   Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently designed as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

199.   Plaintiff, Erin Gilbert, was unaware of the defects in the design or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

200.   As a direct and proximate result of Defendant's negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

### COUNT XI
### Negligent Design
### Plaintiff, Erin Gilbert v. Just Brands FL LLC

201.   Plaintiff, Erin Gilbert, realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

202.   At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distribution and/or sale of Just CBD products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

203.   Defendant breached its duty in the design of Just CBD Mango in the following ways:

    a.   Failing to conduct adequate safety and efficacy testing before placing Just CBD Mango into the stream of commerce;

    b.   Failing to establish appropriate procedures for reviewing the design of Just CBD Mango;

    c.   Failing to establish procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango;

    d.   Failing to utilize available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury; and

    e.   Designing Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

204.    Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently designed as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

205.    Plaintiff, Erin Gilbert, was unaware of the defects in the design or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

206.    As a direct and proximate result of Defendant's negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XII
### Negligent Design
### Plaintiff, Erin Gilbert v. Speedy Distribution Group Inc.

207.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

208.    At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distribution and/or sale of Just CBD products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

209.    Defendant breached its duty in the design of Just CBD Mango in the following ways:

   a.   Failing to conduct adequate safety and efficacy testing before placing Just CBD Mango into the stream of commerce;

   b.   Failing to establish appropriate procedures for reviewing the design of Just CBD Mango;

   c.   Failing to establish procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango;

   d.   Failing to utilize available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury; and

40

e.   Designing Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

210.   Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently designed as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

211.   Plaintiff, Erin Gilbert, was unaware of the defects in the design or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

212.   As a direct and proximate result of Defendant's negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XIII
### Negligent Design
### Plaintiff, Erin Gilbert v. S&H World Holdings LLC

213.   Plaintiff, Erin Gilbert reHalleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

214.   At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distribution and/or sale of Just CBD products,

41

including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

215.    Defendant breached its duty in the design of Just CBD Mango in the following ways:

       a.    Failing to conduct adequate safety and efficacy testing before placing Just CBD Mango into the stream of commerce;

       b.    Failing to establish appropriate procedures for reviewing the design of Just CBD Mango;

       c.    Failing to establish procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango;

       d.    Failing to utilize available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury; and

       e.    Designing Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

216.    Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently designed as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

217.     Plaintiff, Erin Gilbert, was unaware of the defects in the design or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

218.     As a direct and proximate result of Defendant's negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

**COUNT XIV**
**Negligent Design**
**Plaintiff, Erin Gilbert v. SSGI Financial Services, Inc.**

219.     Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

220.     At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distribution and/or sale of Just CBD products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

221.     Defendant breached its duty in the design of Just CBD Mango in the following ways:

a.     Failing to conduct adequate safety and efficacy testing before placing Just CBD Mango into the stream of commerce;

b. Failing to establish appropriate procedures for reviewing the design of Just CBD Mango;

c. Failing to establish procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango;

d. Failing to utilize available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury; and

e. Designing Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

222. Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently designed as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

223. Plaintiff, Erin Gilbert, was unaware of the defects in the design or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

224. As a direct and proximate result of Defendant's negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

44

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XV
### Negligent Design
### Plaintiff, Erin Gilbert v. Best Wellness USA LLC

225.   Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

226.   At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distribution and/or sale of Just CBD products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

227.   Defendant breached its duty in the design of Just CBD Mango in the following ways:

a.   Failing to conduct adequate safety and efficacy testing before placing Just CBD Mango into the stream of commerce;

b.   Failing to establish appropriate procedures for reviewing the design of Just CBD Mango;

c.   Failing to establish procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango;

d.   Failing to utilize available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury; and

e. Designing Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

228. Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently designed as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

229. Plaintiff, Erin Gilbert, was unaware of the defects in the design or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

230. As a direct and proximate result of Defendant's negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XVI
### Negligent Design
#### Plaintiff, Erin Gilbert v. V P R A R T LLC (d/b/a Vapor Artillery)

231. Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

232. At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distribution and/or sale of Just CBD products,

including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

233.   Defendant breached its duty in the design of Just CBD Mango in the following ways:

   a.   Failing to conduct adequate safety and efficacy testing before placing Just CBD Mango into the stream of commerce;

   b.   Failing to establish appropriate procedures for reviewing the design of Just CBD Mango;

   c.   Failing to establish procedures for validation or, where appropriate, review and approval of design changes orders for Just CBD Mango;

   d.   Failing to utilize available reasonable alternative designs for Just CBD Mango which would have eliminated or reduced the risk of catastrophic acute respiratory injury; and

   e.   Designing Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

234.    Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently designed as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

235.     Plaintiff, Erin Gilbert, was unaware of the defects in the design or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

236.     As a direct and proximate result of Defendant's negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XVII
### Strict Liability-Manufacturing Defect
### Plaintiff, Erin Gilbert v. Just CBD LLC

237.     Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

238.     Defendant is engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

239.     The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

240.     Just CBD Mango is a product within the meaning of Florida products liability law.

241.     Defendant manufactured Just CBD Mango for the purpose of vaping.

242.    The Just CBD Mango used by Plaintiff Erin Gilbert was defectively manufactured when it left the possession of Defendant and was unreasonably dangerous to foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change affecting its condition.

243.    The manufacture of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

a.   Defendant failed to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

b.   Defendant manufactured and sold Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

c.   Defendant failed to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed; and

        d.   Defendant failed to ensure proper workmanship, materials and labeling for Just CBD Mango.

244.    The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendant.

245.    Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendant is strictly liable to the Plaintiff.

246.    At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

247.    An ordinary consumer of Just CBD Mango would expect that the product be free of significant defects.

248.    The foreseeable risks of using Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

249.    The failure to safely manufacture Just CBD Mango in a way that minimized or eliminated the risk of acute catastrophic respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

250.    Defendant knew or should have known that Just CBD Mango contained harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

251.    Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid manufacturing defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

**COUNT XVIII**
**Strict Liability-Manufacturing Defect**
**Plaintiff, Erin Gilbert v. Just Brands USA, Inc.**

252.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

253.    Defendant is engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

254.    The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

255.    Just CBD Mango is a product within the meaning of Florida products liability law.

256.    Defendant manufactured Just CBD Mango for the purpose of vaping.

257.    The Just CBD Mango used by Plaintiff Erin Gilbert was defectively manufactured when it left the possession of Defendant and was unreasonably dangerous to foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change affecting its condition.

258. The manufacture of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

    a. Defendant failed to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

    b. Defendant manufactured and sold Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

    c. Defendant failed to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed; and

    d. Defendant failed to ensure proper workmanship, materials and labeling for Just CBD Mango.

259.   The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendant.

260.   Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendant is strictly liable to the Plaintiff.

261.   At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

262.   An ordinary consumer of Just CBD Mango would expect that the product be free of significant defects.

263.   The foreseeable risks of using Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

264.   The failure to safely manufacture Just CBD Mango in a way that minimized or eliminated the risk of acute catastrophic respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

265.   Defendant knew or should have known that Just CBD Mango contained harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

266.    Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid manufacturing defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XIX
### Strict Liability-Manufacturing Defect
### Plaintiff, Erin Gilbert v. Just Brands FL LLC

267.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

268.    Defendant is engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

269.    The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

270.    Just CBD Mango is a product within the meaning of Florida products liability law.

271.    Defendant manufactured Just CBD Mango for the purpose of vaping.

272.    The Just CBD Mango used by Plaintiff Erin Gilbert was defectively manufactured when it left the possession of Defendant and was unreasonably dangerous to foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change affecting its condition.

273.     The manufacture of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

     a.  Defendant failed to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

     b.  Defendant manufactured and sold Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

     c.  Defendant failed to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed; and

     d.  Defendant failed to ensure proper workmanship, materials and labeling for Just CBD Mango.

274.    The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendant.

275.    Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendant is strictly liable to the Plaintiff.

276.    At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

277.    An ordinary consumer of Just CBD Mango would expect that the product be free of significant defects.

278.    The foreseeable risks of using Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

279.    The failure to safely manufacture Just CBD Mango in a way that minimized or eliminated the risk of acute catastrophic respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

280.    Defendant knew or should have known that Just CBD Mango contained harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

281.    Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid manufacturing defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XX
### Strict Liability-Manufacturing Defect
### Plaintiff, Erin Gilbert v. Speedy Distribution Group Inc.

282.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

283.    Defendant is engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

284.    The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

285.    Just CBD Mango is a product within the meaning of Florida products liability law.

286.    Defendant manufactured Just CBD Mango for the purpose of vaping.

287.    The Just CBD Mango used by Plaintiff Erin Gilbert was defectively manufactured when it left the possession of Defendant and was unreasonably dangerous to foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change affecting its condition.

288. The manufacture of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

    a. Defendant failed to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

    b. Defendant manufactured and sold Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

    c. Defendant failed to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed; and

    d. Defendant failed to ensure proper workmanship, materials and labeling for Just CBD Mango.

289. The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendant.

290. Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendant is strictly liable to the Plaintiff.

291. At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

292. An ordinary consumer of Just CBD Mango would expect that the product be free of significant defects.

293. The foreseeable risks of using Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

294. The failure to safely manufacture Just CBD Mango in a way that minimized or eliminated the risk of acute catastrophic respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

295. Defendant knew or should have known that Just CBD Mango contained harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

296.    Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid manufacturing defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XXI
### Strict Liability-Manufacturing Defect
### Plaintiff, Erin Gilbert v. S&H World Holdings LLC

297.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

298.    Defendant is engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

299.    The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

300.    Just CBD Mango is a product within the meaning of Florida products liability law.

301.    Defendant manufactured Just CBD Mango for the purpose of vaping.

302.    The Just CBD Mango used by Plaintiff Erin Gilbert was defectively manufactured when it left the possession of Defendant and was unreasonably dangerous to foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change affecting its condition.

303.    The manufacture of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

a.  Defendant failed to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

b.  Defendant manufactured and sold Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

c.  Defendant failed to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed; and

d.  Defendant failed to ensure proper workmanship, materials and labeling for Just CBD Mango.

304. The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendant.

305. Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendant is strictly liable to the Plaintiff.

306. At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

307. An ordinary consumer of Just CBD Mango would expect that the product be free of significant defects.

308. The foreseeable risks of using Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

309. The failure to safely manufacture Just CBD Mango in a way that minimized or eliminated the risk of acute catastrophic respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

310. Defendant knew or should have known that Just CBD Mango contained harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

311.    Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid manufacturing defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XXII
### Strict Liability-Manufacturing Defect
### Plaintiff, Erin Gilbert v. SSGI Financial Services, Inc.

312.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

313.    Defendant is engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

314.    The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

315.    Just CBD Mango is a product within the meaning of Florida products liability law.

316.    Defendant manufactured Just CBD Mango for the purpose of vaping.

317.    The Just CBD Mango used by Plaintiff Erin Gilbert was defectively manufactured when it left the possession of Defendant and was unreasonably dangerous to foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change affecting its condition.

318.   The manufacture of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

    a.   Defendant failed to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

    b.   Defendant manufactured and sold Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

    c.   Defendant failed to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed; and

    d.   Defendant failed to ensure proper workmanship, materials and labeling for Just CBD Mango.

319.   The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendant.

320.   Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendant is strictly liable to the Plaintiff.

321.   At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

322.   An ordinary consumer of Just CBD Mango would expect that the product be free of significant defects.

323.   The foreseeable risks of using Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

324.   The failure to safely manufacture Just CBD Mango in a way that minimized or eliminated the risk of acute catastrophic respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

325.   Defendant knew or should have known that Just CBD Mango contained harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

326.     Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic

permanent injuries and disfigurement by the aforesaid manufacturing defects in Just CBD Mango

as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant,

individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be

permitted pursuant to the laws of the State of Florida.

## COUNT XXIII
### Strict Liability-Manufacturing Defect
### Plaintiff, Erin Gilbert v. Best Wellness USA LLC

327.     Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1

through 60 as if fully set forth herein.

328.     Defendant is engaged in the business of designing, manufacturing, testing,

labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

329.     The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured,

tested, labeled, marketed, distributed and/or placed into the stream of commerce by the

Defendant.

330.     Just CBD Mango is a product within the meaning of Florida products liability

law.

331.     Defendant manufactured Just CBD Mango for the purpose of vaping.

332.     The Just CBD Mango used by Plaintiff Erin Gilbert was defectively manufactured

when it left the possession of Defendant and was unreasonably dangerous to foreseeable users,

and the product was expected to and did reach foreseeable users including Erin Gilbert without

substantial change affecting its condition.

333. The manufacture of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

    a. Defendant failed to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

    b. Defendant manufactured and sold Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

    c. Defendant failed to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed; and

    d. Defendant failed to ensure proper workmanship, materials and labeling for Just CBD Mango.

334. The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendant.

335. Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendant is strictly liable to the Plaintiff.

336. At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

337. An ordinary consumer of Just CBD Mango would expect that the product be free of significant defects.

338. The foreseeable risks of using Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

339. The failure to safely manufacture Just CBD Mango in a way that minimized or eliminated the risk of acute catastrophic respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

340. Defendant knew or should have known that Just CBD Mango contained harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

341.    Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid manufacturing defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

### COUNT XXIV
### Strict Liability-Manufacturing Defect
### Plaintiff, Erin Gilbert v. V P R A R T LLC (d/b/a Vapor Artillery)

342.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

343.    Defendant is engaged in the business of designing, manufacturing, testing, labeling, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

344.    The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

345.    Just CBD Mango is a product within the meaning of Florida products liability law.

346.    Defendant manufactured Just CBD Mango for the purpose of vaping.

347.    The Just CBD Mango used by Plaintiff Erin Gilbert was defectively manufactured when it left the possession of Defendant and was unreasonably dangerous to foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change affecting its condition.

348.    The manufacture of the Just CBD Mango used by Plaintiff Erin Gilbert was defective and unreasonably dangerous at the time it was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

a.    Defendant failed to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

b.    Defendant manufactured and sold Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

c.    Defendant failed to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed; and

d.    Defendant failed to ensure proper workmanship, materials and labeling for Just CBD Mango.

349.     The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placing into the stream of commerce of the Just CBD Mango by the Defendant.

350.     Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was sold or distributed. As a result, Defendant is strictly liable to the Plaintiff.

351.     At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

352.     An ordinary consumer of Just CBD Mango would expect that the product be free of significant defects.

353.     The foreseeable risks of using Just CBD Mango, particularly catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

354.     The failure to safely manufacture Just CBD Mango in a way that minimized or eliminated the risk of acute catastrophic respiratory injury renders Just CBD Mango defective and unreasonably dangerous.

355.     Defendant knew or should have known that Just CBD Mango contained harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed.

71

356.    Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid manufacturing defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XXV
### Negligent Manufacturing
### Plaintiff, Erin Gilbert v. Just CBD LLC

357.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

358.    At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distributing and/or sale of Just CBD Products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

359.    Defendant breached its duty in the manufacture of Just CBD Mango in the following ways:

a.    Failing to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

72

b. Manufacturing and selling Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

c. Failing to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed; and

d. Failing to ensure proper workmanship, materials and labeling for Just CBD Mango.

360. Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently manufactured as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

361. Plaintiff was unaware of the defects in the manufacture or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

362. As a direct and proximate result of Defendant's negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XXVI
### Negligent Manufacturing
### Plaintiff, Erin Gilbert v. Just Brands USA, Inc.

363.     Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

364.     At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distributing and/or sale of Just CBD Products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

365.     Defendant breached its duty in the manufacture of Just CBD Mango in the following ways:

a. Failing to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

b. Manufacturing and selling Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

c. Failing to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed; and

d. Failing to ensure proper workmanship, materials and labeling for Just CBD Mango.

366. Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently manufactured as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

367. Plaintiff was unaware of the defects in the manufacture or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable use.

368. As a direct and proximate result of Defendant's negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

### COUNT XXVII
### Negligent Manufacturing
### Plaintiff, Erin Gilbert v. Just Brands FL LLC

369. Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

370. At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distributing and/or sale of Just CBD Products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

371. Defendant breached its duty in the manufacture of Just CBD Mango in the following ways:

a. Failing to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

b. Manufacturing and selling Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

c. Failing to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed; and

76

     d.  Failing to ensure proper workmanship, materials and labeling for Just CBD Mango.

372. Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently manufactured as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

373. Plaintiff was unaware of the defects in the manufacture or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable use.

374. As a direct and proximate result of Defendant's negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XXVIII
### Negligent Manufacturing
### Plaintiff, Erin Gilbert v. Speedy Distribution Group Inc.

375. Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

376. At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distributing and/or sale of Just CBD Products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

377.    Defendant breached its duty in the manufacture of Just CBD Mango in the following ways:

    a.  Failing to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

    b.  Manufacturing and selling Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

    c.  Failing to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed; and

    d.  Failing to ensure proper workmanship, materials and labeling for Just CBD Mango.

378.    Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently manufactured as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

379.    Plaintiff was unaware of the defects in the manufacture or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable use.

380.    As a direct and proximate result of Defendant's negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XXIV
### Negligent Manufacturing
### Plaintiff, Erin Gilbert v. S&H World Holdings LLC

381.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

382.    At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distributing and/or sale of Just CBD Products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

383.    Defendant breached its duty in the manufacture of Just CBD Mango in the following ways:

a.  Failing to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins, artificial flavorings, additives, contaminants and/or other

presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

b.  Manufacturing and selling Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

c.  Failing to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed; and

d.  Failing to ensure proper workmanship, materials and labeling for Just CBD Mango.

384.    Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently manufactured as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

385.    Plaintiff was unaware of the defects in the manufacture or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable use.

386.    As a direct and proximate result of Defendant's negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

**COUNT XXX**
**Negligent Manufacturing**
**Plaintiff, Erin Gilbert v. SSGI Financial Services, Inc.**

387.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

388.    At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distributing and/or sale of Just CBD Products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

389.    Defendant breached its duty in the manufacture of Just CBD Mango in the following ways:

   a.  Failing to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

   b.  Manufacturing and selling Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

81

    c.  Failing to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed; and

    d.  Failing to ensure proper workmanship, materials and labeling for Just CBD Mango.

390.    Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently manufactured as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

391.    Plaintiff was unaware of the defects in the manufacture or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable use.

392.    As a direct and proximate result of Defendant's negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

**COUNT XXXI**
**Negligent Manufacturing**
**Plaintiff, Erin Gilbert v. Best Wellness USA LLC**

393.     Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

394.     At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distributing and/or sale of Just CBD Products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

395.     Defendant breached its duty in the manufacture of Just CBD Mango in the following ways:

   a. Failing to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

   b. Manufacturing and selling Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

   c. Failing to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed; and

d. Failing to ensure proper workmanship, materials and labeling for Just CBD Mango.

396.   Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently manufactured as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

397.   Plaintiff was unaware of the defects in the manufacture or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable use.

398.   As a direct and proximate result of Defendant's negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XXXII
### Negligent Manufacturing
### Plaintiff, Erin Gilbert v. V P R A R T LLC (d/b/a Vapor Artillery)

399.   Plaintiff, Erin Gilbert, realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

400.   At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distributing and/or sale of Just CBD Products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

401.    Defendant breached its duty in the manufacture of Just CBD Mango in the following ways:

a.  Failing to timely establish procedures or practices to prevent Just CBD Mango from being contaminated during the manufacturing and/or distribution process with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

b.  Manufacturing and selling Just CBD Mango with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed;

c.  Failing to implement and/or adhere to proper quality control measures to ensure that Just CBD Mango was not contaminated with harmful toxins, artificial flavorings, additives, contaminants and/or other presently unknown chemicals or chemical compounds that can cause catastrophic acute respiratory injury when used as directed; and

d.  Failing to ensure proper workmanship, materials and labeling for Just CBD Mango.

402.    Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango was negligently manufactured as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

403. Plaintiff was unaware of the defects in the manufacture or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable use.

404. As a direct and proximate result of Defendant's negligence in the design of Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XXXIII
### Strict Liability- Warnings Defects
### Plaintiff, Erin Gilbert v. Just CBD LLC

405. Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

406. Defendant is engaged in the business of designing, manufacturing, labeling, testing, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

407. The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

408. Just CBD Mango is a product within the meaning of Florida products liability law.

409. Defendant designed, marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

410.    Defendant created labeling, packaging, marketing materials, distribution materials and sales materials including warnings for Just CBD Mango.

411.    The Just CBD Mango used by Plaintiff Erin Gilbert had defective labeling, packaging, marketing materials, distribution materials and sales materials including warnings when it left possession of Defendant and was unreasonably dangerous for foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change in its warnings.

412.    The labeling, packaging, marketing materials, distribution materials and sales materials including warnings was defective and unreasonably dangerous at the time it was labeled, packaged, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

    a.   Failing to include labeling or a package insert with Just CBD Mango advising consumers including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury;

    b.   Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

    c.   Failing to disclose the existence of ingredient(s) that were either inherently harmful and/or harmful when vaped despite being generally regarded as safe for oral consumption when used in food products.

413.    The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placed into the stream of commerce of the Just CBD Mango by the Defendant.

414.    Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was labeled, packaged, marketed, distributed and sold. As a result, Defendant is strictly liable to Plaintiff.

415.    At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

416.    An ordinary consumer of Just CBD Mango would expect that the product and its warnings be free of significant defects.

417.    The foreseeable risks of using Just CBD Mango, including catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

418.    Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.by the aforesaid warning defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

### COUNT XXXIV
### Strict Liability- Warnings Defects
### Plaintiff, Erin Gilbert v. Just Brands USA, Inc.

419.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

420. Defendant is engaged in the business of designing, manufacturing, labeling, testing, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

421. The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

422. Just CBD Mango is a product within the meaning of Florida products liability law.

423. Defendant designed, marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

424. Defendant created labeling, packaging, marketing materials, distribution materials and sales materials including warnings for Just CBD Mango.

425. The Just CBD Mango used by Plaintiff Erin Gilbert had defective labeling, packaging, marketing materials, distribution materials and sales materials including warnings when it left possession of Defendant and was unreasonably dangerous for foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change in its warnings.

426. The labeling, packaging, marketing materials, distribution materials and sales materials including warnings was defective and unreasonably dangerous at the time it was labeled, packaged, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

89

a. Failing to include labeling or a package insert with Just CBD Mango advising consumers including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury;

b. Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

c. Failing to disclose the existence of ingredient(s) that were either inherently harmful and/or harmful when vaped despite being generally regarded as safe for oral consumption when used in food products.

427.   The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placed into the stream of commerce of the Just CBD Mango by the Defendant.

428.   Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was labeled, packaged, marketed, distributed and sold. As a result, Defendant is strictly liable to Plaintiff.

429.   At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

430.   An ordinary consumer of Just CBD Mango would expect that the product and its warnings be free of significant defects.

431.   The foreseeable risks of using Just CBD Mango, including catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

432.   Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.by the aforesaid warning defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

**COUNT XXXV**
**Strict Liability- Warnings Defects**
**Plaintiff, Erin Gilbert v. Just Brands FL LLC**

433.   Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

434.   Defendant is engaged in the business of designing, manufacturing, labeling, testing, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

435.   The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

436.   Just CBD Mango is a product within the meaning of Florida products liability law.

437.   Defendant designed, marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

438.   Defendant created labeling, packaging, marketing materials, distribution materials and sales materials including warnings for Just CBD Mango.

439.   The Just CBD Mango used by Plaintiff Erin Gilbert had defective labeling, packaging, marketing materials, distribution materials and sales materials including warnings when it left possession of Defendant and was unreasonably dangerous for foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change in its warnings.

440.   The labeling, packaging, marketing materials, distribution materials and sales materials including warnings was defective and unreasonably dangerous at the time it was labeled, packaged, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

    a.   Failing to include labeling or a package insert with Just CBD Mango advising consumers including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury;

    b.   Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

    c.   Failing to disclose the existence of ingredient(s) that were either inherently harmful and/or harmful when vaped despite being generally regarded as safe for oral consumption when used in food products.

441.   The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placed into the stream of commerce of the Just CBD Mango by the Defendant.

442.   Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably

dangerous condition in which it was labeled, packaged, marketed, distributed and sold. As a result, Defendant is strictly liable to Plaintiff.

443.    At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

444.    An ordinary consumer of Just CBD Mango would expect that the product and its warnings be free of significant defects.

445.    The foreseeable risks of using Just CBD Mango, including catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

446.    Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid warning defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

### COUNT XXXVI
### Strict Liability- Warnings Defects
### Plaintiff, Erin Gilbert v. Speedy Distribution Group Inc.

447.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

448.    Defendant is engaged in the business of designing, manufacturing, labeling, testing, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

449.    The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

450.    Just CBD Mango is a product within the meaning of Florida products liability law.

451.    Defendant designed, marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

452.    Defendant created labeling, packaging, marketing materials, distribution materials and sales materials including warnings for Just CBD Mango.

453.    The Just CBD Mango used by Plaintiff Erin Gilbert had defective labeling, packaging, marketing materials, distribution materials and sales materials including warnings when it left possession of Defendant and was unreasonably dangerous for foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change in its warnings.

454.    The labeling, packaging, marketing materials, distribution materials and sales materials including warnings was defective and unreasonably dangerous at the time it was labeled, packaged, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

    a.    Failing to include labeling or a package insert with Just CBD Mango advising consumers including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury;

    b.   Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

    c.   Failing to disclose the existence of ingredient(s) that were either inherently harmful and/or harmful when vaped despite being generally regarded as safe for oral consumption when used in food products.

455.    The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placed into the stream of commerce of the Just CBD Mango by the Defendant.

456.    Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was labeled, packaged, marketed, distributed and sold. As a result, Defendant is strictly liable to Plaintiff.

457.    At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

458.    An ordinary consumer of Just CBD Mango would expect that the product and its warnings be free of significant defects.

459.    The foreseeable risks of using Just CBD Mango, including catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

460.    Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid warning defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XXXVII
### Strict Liability- Warnings Defects
### Plaintiff, Erin Gilbert v. S&H World Holdings LLC

461. Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

462. Defendant is engaged in the business of designing, manufacturing, labeling, testing, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

463. The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

464. Just CBD Mango is a product within the meaning of Florida products liability law.

465. Defendant designed, marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

466. Defendant created labeling, packaging, marketing materials, distribution materials and sales materials including warnings for Just CBD Mango.

467. The Just CBD Mango used by Plaintiff Erin Gilbert had defective labeling, packaging, marketing materials, distribution materials and sales materials including warnings when it left possession of Defendant and was unreasonably dangerous for foreseeable users, and

the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change in its warnings.

468.   The labeling, packaging, marketing materials, distribution materials and sales materials including warnings was defective and unreasonably dangerous at the time it was labeled, packaged, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

   a.   Failing to include labeling or a package insert with Just CBD Mango advising consumers including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury;

   b.   Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

   c.   Failing to disclose the existence of ingredient(s) that were either inherently harmful and/or harmful when vaped despite being generally regarded as safe for oral consumption when used in food products.

469.   The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placed into the stream of commerce of the Just CBD Mango by the Defendant.

470.   Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was labeled, packaged, marketed, distributed and sold. As a result, Defendant is strictly liable to Plaintiff.

471.   At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

472.   An ordinary consumer of Just CBD Mango would expect that the product and its warnings be free of significant defects.

473.   The foreseeable risks of using Just CBD Mango, including catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

474.   Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.by the aforesaid warning defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

### COUNT XXXVIII
### Strict Liability- Warnings Defects
### Plaintiff, Erin Gilbert v. SSGI Financial Services, Inc.

475.   Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

476.   Defendant is engaged in the business of designing, manufacturing, labeling, testing, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

477.   The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

478.    Just CBD Mango is a product within the meaning of Florida products liability law.

479.    Defendant designed, marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

480.    Defendant created labeling, packaging, marketing materials, distribution materials and sales materials including warnings for Just CBD Mango.

481.    The Just CBD Mango used by Plaintiff Erin Gilbert had defective labeling, packaging, marketing materials, distribution materials and sales materials including warnings when it left possession of Defendant and was unreasonably dangerous for foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change in its warnings.

482.    The labeling, packaging, marketing materials, distribution materials and sales materials including warnings was defective and unreasonably dangerous at the time it was labeled, packaged, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

a.  Failing to include labeling or a package insert with Just CBD Mango advising consumers including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury;

b.  Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

c.  Failing to disclose the existence of ingredient(s) that were either inherently harmful and/or harmful when vaped despite being generally regarded as safe for oral consumption when used in food products.

483.   The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placed into the stream of commerce of the Just CBD Mango by the Defendant.

484.   Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was labeled, packaged, marketed, distributed and sold. As a result, Defendant is strictly liable to Plaintiff.

485.   At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

486.   An ordinary consumer of Just CBD Mango would expect that the product and its warnings be free of significant defects.

487.   The foreseeable risks of using Just CBD Mango, including catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

488.   Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid warning defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XXXIX
### Strict Liability- Warnings Defects
### Plaintiff, Erin Gilbert v. Best Wellness USA LLC

489. Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

490. Defendant is engaged in the business of designing, manufacturing, labeling, testing, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

491. The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

492. Just CBD Mango is a product within the meaning of Florida products liability law.

493. Defendant designed, marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

494. Defendant created labeling, packaging, marketing materials, distribution materials and sales materials including warnings for Just CBD Mango.

495. The Just CBD Mango used by Plaintiff Erin Gilbert had defective labeling, packaging, marketing materials, distribution materials and sales materials including warnings when it left possession of Defendant and was unreasonably dangerous for foreseeable users, and

the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change in its warnings.

496.    The labeling, packaging, marketing materials, distribution materials and sales materials including warnings was defective and unreasonably dangerous at the time it was labeled, packaged, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

      a.  Failing to include labeling or a package insert with Just CBD Mango advising consumers including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury;

      b.  Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

      c.  Failing to disclose the existence of ingredient(s) that were either inherently harmful and/or harmful when vaped despite being generally regarded as safe for oral consumption when used in food products.

497.    The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placed into the stream of commerce of the Just CBD Mango by the Defendant.

498.    Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was labeled, packaged, marketed, distributed and sold. As a result, Defendant is strictly liable to Plaintiff.

499.   At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

500.   An ordinary consumer of Just CBD Mango would expect that the product and its warnings be free of significant defects.

501.   The foreseeable risks of using Just CBD Mango, including catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

502.   Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement.by the aforesaid warning defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

**COUNT XL**
**Strict Liability- Warnings Defects**
**Plaintiff, Erin Gilbert v. V P R A R T LLC (d/b/a Vapor Artillery)**

503.   Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

504.   Defendant is engaged in the business of designing, manufacturing, labeling, testing, marketing, distributing and/or selling Just CBD products, including Just CBD Mango.

505.   The Just CBD Mango used by Plaintiff Erin Gilbert was designed, manufactured, tested, labeled, marketed, distributed and/or placed into the stream of commerce by the Defendant.

506.  Just CBD Mango is a product within the meaning of Florida products liability law.

507.  Defendant designed, marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

508.  Defendant created labeling, packaging, marketing materials, distribution materials and sales materials including warnings for Just CBD Mango.

509.  The Just CBD Mango used by Plaintiff Erin Gilbert had defective labeling, packaging, marketing materials, distribution materials and sales materials including warnings when it left possession of Defendant and was unreasonably dangerous for foreseeable users, and the product was expected to and did reach foreseeable users including Erin Gilbert without substantial change in its warnings.

510.  The labeling, packaging, marketing materials, distribution materials and sales materials including warnings was defective and unreasonably dangerous at the time it was labeled, packaged, marketed, distributed and/or placed into the stream of commerce for reasons including but not limited to the following:

   a.  Failing to include labeling or a package insert with Just CBD Mango advising consumers including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury;

   b.  Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

c. Failing to disclose the existence of ingredient(s) that were either inherently harmful and/or harmful when vaped despite being generally regarded as safe for oral consumption when used in food products.

511. The above defects existed at the time of the design, manufacture, testing, labeling, marketing, distribution and/or placed into the stream of commerce of the Just CBD Mango by the Defendant.

512. Just CBD Mango was expected to reach, and did reach, users and/or consumers, including Plaintiff, Erin Gilbert, without substantial change in the defective and unreasonably dangerous condition in which it was labeled, packaged, marketed, distributed and sold. As a result, Defendant is strictly liable to Plaintiff.

513. At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

514. An ordinary consumer of Just CBD Mango would expect that the product and its warnings be free of significant defects.

515. The foreseeable risks of using Just CBD Mango, including catastrophic acute respiratory injury and/or death, significantly outweigh the benefits conferred upon consumers using Just CBD Mango.

516. Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid warning defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XLI
### Negligence-Warnings Defects
### Plaintiff, Erin Gilbert v. Just CBD LLC

517.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

518.    At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distribution and/or selling of Just CBD products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

519.    Defendant breached its duty to warn with respect to the labeling, marketing, distribution, advertising, promoting and/or sale of the Just CBD Mango in the following ways:

a.    Failing to include labeling or a package insert with Just CBD Mango advising consumers, including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

b.    Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

c.    Failing to disclose the existence of ingredient(s) that were either inherently harmful and/or harmful when vaped despite being generally regarded as safe for oral consumption when used in food products.

520.   Defendant marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

521.   Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango included negligent warnings as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

522.   At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

523.   The Plaintiff was unaware of the defects in the warnings included or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

524.   As a direct and proximate result of Defendant's negligence in the labeling, marketing, distributing, advertising, promoting and/or selling Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed.

525.   Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid warning defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XLII
### Negligence-Warnings Defects
### Plaintiff, Erin Gilbert v. Just Brands USA, Inc.

107

526.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

527.    At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distribution and/or selling of Just CBD products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

528.    Defendant breached its duty to warn with respect to the labeling, marketing, distribution, advertising, promoting and/or sale of the Just CBD Mango in the following ways:

    a.    Failing to include labeling or a package insert with Just CBD Mango advising consumers, including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

    b.    Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

    c.    Failing to disclose the existence of ingredient(s) that were either inherently harmful and/or harmful when vaped despite being generally regarded as safe for oral consumption when used in food products.

529.    Defendant marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

530.    Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango included negligent warnings as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

531.    At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

532.    The Plaintiff was unaware of the defects in the warnings included or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

533.    As a direct and proximate result of Defendant's negligence in the labeling, marketing, distributing, advertising, promoting and/or selling Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed.

534.    Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid warning defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XLIII
### Negligence-Warnings Defects
### Plaintiff, Erin Gilbert v. Just Brands FL LLC

535.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

536.    At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distribution and/or selling of Just CBD products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

537. Defendant breached its duty to warn with respect to the labeling, marketing, distribution, advertising, promoting and/or sale of the Just CBD Mango in the following ways:

    a. Failing to include labeling or a package insert with Just CBD Mango advising consumers, including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

    b. Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

    c. Failing to disclose the existence of ingredient(s) that were either inherently harmful and/or harmful when vaped despite being generally regarded as safe for oral consumption when used in food products.

538. Defendant marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

539. Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango included negligent warnings as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

540. At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

541. The Plaintiff was unaware of the defects in the warnings included or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

542.     As a direct and proximate result of Defendant's negligence in the labeling, marketing, distributing, advertising, promoting and/or selling Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed.

543.     Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid warning defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XLIV
### Negligence-Warnings Defects
### Plaintiff, Erin Gilbert v. Speedy Distribution Group Inc.

544.     Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

545.     At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distribution and/or selling of Just CBD products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

546.     Defendant breached its duty to warn with respect to the labeling, marketing, distribution, advertising, promoting and/or sale of the Just CBD Mango in the following ways:

    a.   Failing to include labeling or a package insert with Just CBD Mango advising consumers, including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

      b.   Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

      c.   Failing to disclose the existence of ingredient(s) that were either inherently harmful and/or harmful when vaped despite being generally regarded as safe for oral consumption when used in food products.

547.   Defendant marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

548.   Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango included negligent warnings as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

549.   At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

550.   The Plaintiff was unaware of the defects in the warnings included or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

551.   As a direct and proximate result of Defendant's negligence in the labeling, marketing, distributing, advertising, promoting and/or selling Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed.

552.   Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid warning defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

**COUNT XLV**
**Negligence-Warnings Defects**
**Plaintiff, Erin Gilbert v. S&H World Holdings LLC**

553.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

554.    At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distribution and/or selling of Just CBD products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

555.    Defendant breached its duty to warn with respect to the labeling, marketing, distribution, advertising, promoting and/or sale of the Just CBD Mango in the following ways:

   a.   Failing to include labeling or a package insert with Just CBD Mango advising consumers, including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

   b.   Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

   c.   Failing to disclose the existence of ingredient(s) that were either inherently harmful and/or harmful when vaped despite being generally regarded as safe for oral consumption when used in food products.

556.    Defendant marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

557.    Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango included negligent warnings as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

558.    At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

559.    The Plaintiff was unaware of the defects in the warnings included or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

560.    As a direct and proximate result of Defendant's negligence in the labeling, marketing, distributing, advertising, promoting and/or selling Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed.

561.    Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid warning defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

**COUNT XLVI**
**Negligence-Warnings Defects**
**Plaintiff, Erin Gilbert v. SSGI Financial Services, Inc.**

562.    Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

563.    At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distribution and/or selling of Just CBD products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

564.    Defendant breached its duty to warn with respect to the labeling, marketing, distribution, advertising, promoting and/or sale of the Just CBD Mango in the following ways:

    a.    Failing to include labeling or a package insert with Just CBD Mango advising consumers, including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

    b.    Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

    c.    Failing to disclose the existence of ingredient(s) that were either inherently harmful and/or harmful when vaped despite being generally regarded as safe for oral consumption when used in food products.

565.    Defendant marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

566.    Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango included negligent warnings as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

567.   At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

568.   The Plaintiff was unaware of the defects in the warnings included or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

569.   As a direct and proximate result of Defendant's negligence in the labeling, marketing, distributing, advertising, promoting and/or selling Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed.

570.   Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid warning defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XLVII
### Negligence-Warnings Defects
### Plaintiff, Erin Gilbert v. Best Wellness USA LLC

571.   Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

572.   At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distribution and/or selling of Just CBD products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

573.    Defendant breached its duty to warn with respect to the labeling, marketing, distribution, advertising, promoting and/or sale of the Just CBD Mango in the following ways:

      a.    Failing to include labeling or a package insert with Just CBD Mango advising consumers, including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

      b.    Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

      c.    Failing to disclose the existence of ingredient(s) that were either inherently harmful and/or harmful when vaped despite being generally regarded as safe for oral consumption when used in food products.

574.    Defendant marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

575.    Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango included negligent warnings as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

576.    At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

577.    The Plaintiff was unaware of the defects in the warnings included or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

578.   As a direct and proximate result of Defendant's negligence in the labeling, marketing, distributing, advertising, promoting and/or selling Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed.

579.   Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid warning defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

**COUNT XLVIII**
**Negligence-Warnings Defects**
**Plaintiff, Erin Gilbert v. V P R A R T LLC (d/b/a Vapor Artillery)**

580.   Plaintiff, Erin Gilbert realleges and reincorporates by reference paragraphs 1 through 60 as if fully set forth herein.

581.   At all times material, Defendant had a duty to exercise due care in the design, manufacture, testing, labeling, marketing, distribution and/or selling of Just CBD products, including Just CBD Mango, so that the Just CBD Mango would be reasonably safe for its intended use and for other uses that were reasonably foreseeable.

582.   Defendant breached its duty to warn with respect to the labeling, marketing, distribution, advertising, promoting and/or sale of the Just CBD Mango in the following ways:

   a.   Failing to include labeling or a package insert with Just CBD Mango advising consumers, including Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

118

b.  Failing to otherwise warn consumers of Just CBD Mango, including, Plaintiff, Erin Gilbert, of the risk of catastrophic acute respiratory injury; and

c.  Failing to disclose the existence of ingredient(s) that were either inherently harmful and/or harmful when vaped despite being generally regarded as safe for oral consumption when used in food products.

583.    Defendant marketed, advertised, promoted and labeled Just CBD Mango for the purpose of vaping.

584.    Defendant knew, or with the exercise of reasonable care should have known, that the Just CBD Mango included negligent warnings as described above and knew or should have known that the Just CBD Mango, when used for the purposes for which it was designed and intended to be used, was unreasonably dangerous.

585.    At all times material, Just CBD Mango was used in a manner intended and/or foreseeable to Defendant.

586.    The Plaintiff was unaware of the defects in the warnings included or of the dangerousness of the Just CBD Mango, which made the product unsafe for its intended and foreseeable uses.

587.    As a direct and proximate result of Defendant's negligence in the labeling, marketing, distributing, advertising, promoting and/or selling Just CBD Mango, Plaintiff, Erin Gilbert, was proximately harmed.

588.    Plaintiff, Erin Gilbert, was proximately harmed and suffered catastrophic permanent injuries and disfigurement by the aforesaid warning defects in Just CBD Mango as described above.

WHEREFORE, Plaintiff, Erin Gilbert, demands judgment against Defendant, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT XLIX
### Loss of Spousal Consortium
### Plaintiff, Patrick Gilbert v. All Defendants

589.     Plaintiffs reallege and reincorporate paragraphs 1 through 60 as if fully set forth herein.

590.     Plaintiff, Patrick Gilbert, at all times material was legally married to Plaintiff Erin Gilbert.

591.     Plaintiff, Patrick Gilbert, was and is entitled to the care, comfort, companionship, companionship, society, attention, services, and consortium of his lawful wife, Erin Gilbert.

592.     As a result of the Plaintiff, Erin Gilbert's catastrophic permanent personal injuries and disfigurement as described above, Plaintiff, Patrick Gilbert, has and will continue to be deprived of the care, companionship, society, attention, services and consortium of his wife, Erin Gilbert.

WHEREFORE, Plaintiff, Patrick Gilbert, demands judgment against Defendants, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## COUNT L
### Loss of Parental Consortium
### Plaintiffs, Erin and Patrick Gilbert, As Natural Parents and Guardians of Their Minor
### Children, F.G., H.G. and P.G. v. All Defendants

593.     Plaintiffs reallege and reincorporate by reference paragraphs 1 through 60 as if fully set forth herein.

120

594.   Together, Plaintiffs, Erin and Patrick Gilbert, have three minor children who are presently 6, 7 and 9 years old.

595.   Plaintiffs' minor children were and are entitled to the comfort, care, consortium, affection, companionship, society, attention, services, and aid of their mother, Erin Gilbert.

596.   As a result of Plaintiff, Erin Gilbert's, catastrophic permanent personal injuries and disfigurement as described above, Plaintiff's three minor children have been and will continue to be deprived of the comfort, care, consortium, affection, companionship, society, attention, services and aid of their mother, Erin Gilbert.

597.   On behalf of their minor children, Plaintiffs, Erin and Patrick Gilbert, seek damages for loss of parental consortium.

WHEREFORE, Plaintiffs, Erin and Patrick Gilbert, as Natural Parents and Guardians of their Minor Children, F.G., H.G. and P.G, demand judgment against Defendants, individually, jointly, vicariously, severally, and/or in the alternative, for such damages as may be permitted pursuant to the laws of the State of Florida.

## PRAYER FOR RELIEF

Plaintiffs, Erin and Patrick Gilbert, Individually and as Natural Parents and Guardians of their Minor Children, F.G., H.G. and P.G., request the Court to enter judgment against the Defendants as follows:

A.   Plaintiff, Erin Gilbert, has suffered personal injuries, property damage and other losses and seeks all damages recoverable under law, including for (a) bodily injury and any resulting pain-and-suffering, disability or physical impairment, disfigurement, mental anguish, inconveniences or loss of capacity for the enjoyment of life, experience in the past are to be

experienced in the future;  (b) the expense of hospitalization, medical and nursing care and treatment necessarily or reasonably obtained in the past were to be so obtained in the future;  and (c) any earnings or working time lost in the past and any loss of ability to earn money in the future;

  B. Plaintiff, Patrick Gilbert, has been in the past and will be in the future deprived of the comfort, care, and consortium, companionship, society, attention and services of his lawful wife, Erin Gilbert, and seeks all such damages recoverable under law; An award of pre-judgment and post-judgment interest, as provided by law;

  C. Plaintiffs, Erin and Patrick Gilbert's three minor children have in the past and will be in the future deprived of the comfort, care, and consortium, companionship, society, attention and services of their mother, Erin Gilbert, and through their natural parents, Erin and Patrick Gilbert, seek all such damages recoverable under law; an award of pre-judgment and post-judgment interest, as provided by law; and

  D. Such other relief as may be appropriate under the circumstances.

## JURY TRIAL DEMANDED

  Plaintiffs demand a trial by jury on all issues so triable as a matter of right.

Dated: October 28, 2020      Respectfully submitted,

           **ANAPOL WEISS**

            /s/ **Sol H. Weiss**
           Sol H. Weiss, Esquire (PA # 15925)
           Tracy A. Finken, Esquire (PA # 82258)
           Paola Pearson, Esquire (PA # 318356)
           (Pro Hac Vice)

One Logan Square
130 N. 18th St., Suite 1600
Philadelphia, PA 19103
215-735-1130 (P)
215-875-7701 (F)
sweiss@anapolweiss.com
tfinken@anapolweiss.com
ppearson@anapolweiss.com

**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile:  (305) 476-7444
By: **/s/ Julie Braman Kane**
Julie Braman Kane
Florida Bar No. 980277
Primary E-mail: julie@colson.com
Secondary E-mail: b.cancela@colson.com
                                eservice@colson.com

*Counsel for Plaintiffs, Erin and Patrick
Gilbert, Individually and as Natural Parents
and Guardians of Their Minor Children,
F.G., H.G. and P.G.*